Decree of the Surrogate’s Court of Queens County, entered after trial before a jury, denying probate to a paper writing dated September 17, 1948, as the decedent’s last will and testament, on the ground that it was procured and executed through undue influence, in accordance with a jury answer to that effect to a framed question, insofar as appealed from, reversed on the law and the facts, with costs to appellants, payable out of the estate of Joseph Oscar Johnson, and the matter remitted to the Surrogate’s Court with a direction to enter a decree admitting such paper writing to probate as the last will and testament of the decedent. The finding that the execution of the paper writing was caused or procured by undue influence is reversed. The proof was insufficient to present a triable issue as to undue influence. There is no proof that the two women alleged to have exerted undue influence, did, in fact, ever attempt to influence the testator in any manner with respect to making or not. making a will. One of them served as a subscribing witness to a will executed by the testator in which neither of them was named as a beneficiary. The lawyer, of unquestioned integrity, who had made the will in question here, also made the prior one. He was a stranger to the women alleged to have unduly influenced the testator until such time as he was summoned by the testator. The undisputed proof shows that the will in question was .not only duly executed but was made by the testator after he had consulted in private with the attorney and *1131 after he had read and approved the will in the presence only of the attorney and the subscribing witnesses. {Matter of Fleischmann, 176 App. Div. 785; Matter of Guidi, 259 App. Div. 652; Matter of Ruef, 180 App. Div. 203, 207.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.